UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 11-1264 PA (ANx) | Date | September 11, 2012 |
|---|---|---|---|
| Title | CareFusion 303, Inc. v. B. Braun Medical, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS – ORDER TO SHOW CAUSE

On September 7, 2012, the Court ordered plaintiff CareFusion 303, Inc. ("CareFusion") to notify the Court whether the Purchase Agreement referred to in the Patent Assignment had been produced, and if so, when. The Court further ordered CareFusion to notify the Court whether CareFusion had complied with United States Magistrate Judge Nakazato's Order requiring CareFusion to identify the document by production number. The Court is in receipt of CareFusion's Response.

This issue arose from the following discovery dispute between the parties. On January 9, 2012, B. Braun Medical, Inc. ("Braun") propounded Interrogatory No. 5 requesting that CareFusion "[d]escribe in detail the ownership, assignment, and license history of the Patents-in-Suit" and that the response "describe every sale, transfer, license, or assignment of the Patents-in-Suit . . . and identify all documents and things that support, contradict, or otherwise relate to each of the foregoing . . ."

On March 8, 2012, Braun filed an Ex Parte Application for an Order to shorten notice and briefing period for its Motion to Compel regarding that interrogatory. In Response to the Magistrate Judge's Order regarding the Ex Parte Application, the parties filed a joint stipulation for an Order regarding discovery, which was granted on March 13, 2012. The March 13, 2012 Order required CareFusion to serve Braun with supplemental, verified, complete and substantive responses to Braun's First and Second Sets of Interrogatories (including Interrogatory No. 5). Then, on March 26, 2012, Braun moved for the Court to find CareFusion in contempt of the March 13, 2012 Order and for sanctions for CareFusion's serving of incomplete responses to Braun's interrogatories.

On April 6, 2012, the Magistrate Judge found that CareFusion was in breach of its discovery obligations and that it had disobeyed the March 13, 2012 Order and broke its express promise "to make a good faith effort to identify to Braun by production numbers documents produced in this litigation containing such information." The Magistrate Judge ordered CareFusion to "serve a verified second supplemental response that identifies by production number every known document regarding the subject of [Interrogatory No. 5]," and specifically warned CareFusion that "its failure to identify all known supporting documents will result in an appropriate evidentiary or issue preclusion sanction if such documents are produced later." The Magistrate Judge also sanctioned CareFusion. Moreover, this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 11-1264 PA (ANx) | Date | September 11, 2012 |
|---|---|---|---|
| Title | CareFusion 303, Inc. v. B. Braun Medical, Inc. | | |

Court has repeatedly warned the parties that it would not tolerate the sort of gamesmanship that has developed among counsel in this litigation.

On July 23, 2012, Braun filed a Motion to Dismiss for lack of subject matter jurisdiction on the grounds that CareFusion lacked standing to assert its claims because it was not the owner of the Patents-in-Suit. Then, on August 4, Braun filed a motion in limine to exclude CareFusion's late-disclosed witnesses and documents regarding ownership of the patents-in-suit. At the very least, these motions put CareFusion on notice that the adequacy of its response to Interrogatory No. 5 and its production of documents in response to the Magistrate Judge's April 16 Order was a ongoing issue.

On September 7, 2012, on the eve of trial, CareFusion provided Braun with the Purchase Agreement approximately one hour before the parties appeared at a continuing Pre-Trial Conference. At the conclusion of the conference, the Court ordered CareFusion to confirm whether this Purchase Agreement had been produced prior to September 7, 2012 and whether it had complied with the Magistrate Judge's Order requiring the identification of the document by production number.

In its Response, CareFusion admits that the Purchase Agreement had not been produced in this action prior to September 7, 2012, and that this document was not identified in CareFusion's Second Supplemental Response to defendant Braun's Interrogatory No. 5 as ordered by the Magistrate Judge. CareFusion also contends that the Purchase Agreement does "not constitute a sale, transfer, license, or assignment of the Patent-in-Suit themselves" and that CareFusion therefore "complied with the U.S. Magistrate Judge's Order, despite not identifying the document by production number in its April 16, 2012, Second Supplemental Response to Braun's Interrogatory No. 5."

CareFusion is wrong on both counts. The Patent Assignment specifically references the Purchase Agreement, "CareFusion . . . acquired the Assignor pursuant to that Certain Agreement and Bill of Sale dated on or about May 18, 2010 (the "Purchase Agreement"). . . ." Thus, contrary to CareFusion's position, the Court finds that the Purchase Agreement clearly "relates to" the Patent Assignment and is accordingly within the scope of Braun's Interrogatory No. 5. CareFusion thus not only failed to adequately respond to Braun's interrogatory, but also blatantly violated the Magistrate Judge's April 6, 2012 Order by failing to produce the Purchase Agreement, and by failing to identify that document by production number in its Second Supplemental Response to Braun's Interrogatory No. 5. Therefore, the Court finds CareFusion's Response inadequate and its noncompliance egregious.

The Court therefore orders the parties to show cause in writing, no later than noon on September 13, 2012, why the Court should not issue evidentiary or issue preclusion sanctions, including but not limited to, case dispositive sanctions.

IT IS SO ORDERED.